Leon H. HARDING, Jr., and Leon H.
Harding, Jr., Inc.

v.

Charles R. TRIMMER, III, Appellant
in No. 71–1610, and Roadway Ex-
press, Inc.

v.

Clarence WALLACE et al., Third Party-
Defendants.

Appeal of ROADWAY EXPRESS, INC.,
in No. 71–1611.

Nos. 71–1610, 71–1611.

United States Court of Appeals,
Third Circuit.

Argued May 4, 1972.

Decided July 11, 1972.

Charles Jay Bogdanoff, Gekoski &
Bogdanoff, Philadelphia, Pa., for appel-
lants.

C. Barry Buckley, Griffith, Morton &
Buckley, West Chester, Pa., for appel-
lees.

Before VAN DUSEN, GIBBONS and
JAMES ROSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

In this action based on diversity of
citizenship, a judgment for plaintiff
against the defendants, Charles R. Trim-
mer, III, and Roadway Express, Inc.,
based on a jury verdict is challenged on
the ground that said defendants were
entitled to a directed verdict or a new
trial because of insufficient evidence and
inconsistent answers to interrogatories
which constituted the jury verdict. After
careful consideration of the record, we
have concluded that there was sufficient
evidence to permit the jury to find that
the defendant Trimmer was negligent
and that such negligence was a substan-
tial factor [1] in causing the injuries to

---

1. In view of the empty trailer, which
would have a tendency to bounce upward
on a rural road, the narrow road
being used as a detour, the low beam
lights used in passing and Trimmer's
concession that "it did take a little
longer than what I expected" to pass
plaintiff's loaded tractor trailer, the
jury could have found that Trimmer's neg-
ligent driving was the only substantial
factor in causing the accident. See Re-
statement of Torts (2d), § 431, comment
a, p. 429, stating:

"The word 'substantial' is used to denote
the fact that the defendant's conduct
has such an effect in producing the
harm as to lead reasonable men to re-
gard it as a cause, using that word in
the popular sense, in which there al-
ways lurks the idea of responsibility,
. . . . "

plaintiff. Also we believe that the jury was justified in finding that the negligence of the third-party defendants, found by it in answer to interrogatory 3, was not a substantial factor in causing the injuries to plaintiff.[2]

Affirmed.

The Pennsylvania Supreme Court has adopted such Restatement section's view of proximate cause. See Whitner v. Von Hintz, 437 Pa. 448, 263 A.2d 889, 894 (1970).

2. We note that counsel made no objections to that portion of the charge covering the issue of proximate cause. Since we have not been favored with any transcript of the summations by counsel in the above matter, it has made it difficult to determine the posture in which the case was submitted to the jury.