464 F.2d 583
 Leon H. HARDING, Jr., and Leon H. Harding, Jr., Inc.
v.
Charles R. TRIMMER, III, Appellant in No. 71-1610, and
Roadway Express, Inc.
v.
Clarence WALLACE et al., Third Party-Defendants.
Appeal of ROADWAY EXPRESS, INC., in No. 71-1611.
 Nos. 71-1610, 71-1611.
 United States Court of Appeals,
 Third Circuit.
 Argued May 4, 1972.
Decided July 11, 1972.
 
 Charles Jay Bogdanoff, Gekoski & Bogdanoff, Philadelphia, Pa., for appellants.
 C. Barry Buckley, Griffith, Morton & Buckley, West Chester, Pa., for appellees.
 Before VAN DUSEN, GIBBONS and JAMES ROSEN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 In this action based on diversity of citizenship, a judgment for plaintiff against the defendants, Charles R. Trimmer, III, and Roadway Express, Inc., based on a jury verdict is challenged on the ground that said defendants were entitled to a directed verdict or a new trial because of insufficient evidence and inconsistent answers to interrogatories which constituted the jury verdict. After careful consideration of the record, we have concluded that there was sufficient evidence to permit the jury to find that the defendant Trimmer was negligent and that such negligence was a substantial factor[1] in causing the injuries to plaintiff. Also we believe that the jury was justified in finding that the negligence of the third-party defendants, found by it in answer to interrogatory 3, was not a substantial factor in causing the injuries to plaintiff.[2]
 
 
 2
 Affirmed.
 
 
 
 [1]
 In view of the empty trailer, which would have a tendency to bounce upward on a rural road, the narrow road being used as a detour, the low beam lights used in passing and Trimmer's concession that "it did take a little longer than what I expected" to pass plaintiff's loaded tractor trailer, the jury could have found that Trimmer's negligent driving was the only substantial factor in causing the accident. See Restatement of Torts (2d), Sec. 431, comment a, p. 429, stating:
 "The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, . . . ."
 The Pennsylvania Supreme Court has adopted such Restatement section's view of proximate cause. See Whitner v. Von Hintz, 437 Pa. 448, 263 A.2d 889, 894 (1970).
 
 
 [2]
 We note that counsel made no objections to that portion of the charge covering the issue of proximate cause. Since we have not been favored with any transcript of the summations by counsel in the above matter, it has made it difficult to determine the posture in which the case was submitted to the jury